**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                              **CRIMINAL NO. 5:25-CR-6-DCB-LGI**

**ANTHONY MARQUISS JONES**

<u>**MEMORANDUM OPINION AND ORDER**</u>

BEFORE THE COURT is Anthony Marquiss Jones ("Defendant")'s Motion to Dismiss the Indictment, [ECF No. 22] (the "Motion"), in which Defendant contends, among other things, that 18 U.S.C. § 922(g)(1)[1] and § 922(o)[2] are unconstitutional under the Second

---

[1] Section 922(g)(1) provides in pertinent part:

(g) It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
…
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C.A. § 922(g)(1).

[2] Section 922(o) provides:

(o)(1) Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machinegun.
(2) This subsection does not apply with respect to--
(A) a transfer to or by, or possession by or under the authority of, the United States or any department or agency thereof or a State, or a department, agency, or political subdivision thereof; or

1

Amendment.[3]  Defendant advances multiple theories in his
constitutional challenge to these statutes, some of which he
concedes are foreclosed by Fifth Circuit precedent.  Having
studied the Motion, the parties' submissions, and relevant legal
authority, the Court finds that the Motion should be denied.

## BACKGROUND

In July 2025, the grand jury returned an indictment that
charged Defendant with one count of possession of a firearm by a
person who has previously been convicted of a crime punishable
by imprisonment for a term exceeding one year, in violation of
18 U.S.C. § 922(g)(1), and one count of possession of a
machinegun, in violation of 18 U.S.C. § 922(o). [ECF No. 3].

In its opposition to the Motion, [ECF No. 23], the
Government asserts, with supporting attachments, that Defendant
pleaded guilty in 2022 in the Circuit Court of Lincoln County,
Mississippi, to conspiracy to commit armed robbery under
Sections 97-1-1 and 97-3-79 of the Mississippi Code.  [ECF No.

---

(B) any lawful transfer or lawful possession of a machinegun
that was lawfully possessed before the date this subsection
takes effect.

18 U.S.C.A. § 922(o).

[3] The Second Amendment to the United States Constitution
provides:  A well regulated Militia, being necessary to the
security of a free State, the right of the people to keep and
bear Arms, shall not be infringed.

U.S. Const. amend. II.

23-1].  The state Circuit Court Judge sentenced Defendant to the custody of the Mississippi Department of Corrections ("MDOC") for five years, subject to a five-year suspension of custody if Defendant successfully completed five years of post-release supervision with MDOC.  Id.  The express terms of his supervised release were included in the judge's Sentencing Order and required, among other things, that Defendant report within 24 hours to his probation officer and that he possess no firearms or deadly weapons.  Id.  From day one of his sentence, Defendant failed to comply with the terms of his supervised release.  [ECF No. 23-2] (sealed).  The Government contends – and Defendant has not disputed – that Defendant was in violation of his supervised release when he subsequently was arrested in February 2024 and charged with federal firearm crimes.  [ECF No. 23] at 2.  According to the Government's opposition brief, Defendant was arrested in a motel room in Brookhaven, Mississippi, where "a Glock handgun attached with a machine gun conversion device was found."  Id.

### PROCEDURAL CONSIDERATIONS

Federal Rule of Criminal Procedure 12(b)(1) permits a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  In the Fifth Circuit, "[t]he propriety of a motion to dismiss an indictment ... by pretrial motion is by-and-large contingent

upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." United States v. Fontenot, 662 F.3d 640, 644 (5th Cir. 2011) (citations omitted). "If a question of law is involved, then consideration of the motion is generally proper." Id. A court may rule on a pretrial motion to dismiss an indictment where, as here, the motion presents a legal question that involves undisputed facts. United States v. Flores, 404 F.3d 320, 325 (5th Cir. 2005), abrogated on unrelated grounds by Abramski v. United States, 573 U.S. 169 (2014); United States v. Brown, 720 F. Supp. 3d 475, 477 (S.D. Miss. 2024) (Rule 12 permitted court to rule on a motion to dismiss superseding indictment that charged violation of Section 922(g)(1) where parties agreed that defendant had prior felony convictions); accord United States v. Rice, 719 F. Supp. 3d 618, 627 (W.D. Tex. 2024) (Rule 12 permitted court to rule on motion to dismiss indictment that challenged constitutionality of Section 922(g)(1) where fact of firearm possession and prior felony convictions were not in dispute). Defendant's Second Amendment constitutional challenges to 18 U.S.C. § 922(g)(1) and 922(o) raise matters of law that can properly be decided before trial.

**DISCUSSION**

**A. Peripheral challenges**

In his reply brief, Defendant acknowledges that Fifth Circuit precedent forecloses the arguments that he initially made on the grounds that (i) Section 922(g)(1) is facially unconstitutional; (ii) Sections 922(g)(1) and 922(o) unlawfully extend Congress's authority under the Commerce Clause; and (iii) Section 922(g)(1) violates the Fifth Amendment's equal protection guarantee. [ECF No. 25] n.1. Defendant explains that he continues to preserve these arguments for appellate review. Id.; see also Motion, [ECF No. 22] at 21. The Fifth Circuit has confirmed, on multiple occasions, that such challenges are foreclosed by binding precedent. E.g., United States v. Bonner, No. 24-60601, 2025 WL 3175982, at *1 (5th Cir. Nov. 13, 2025) (agreeing with the government that all of appellant's challenges to § 922(g)(1) are now foreclosed in this circuit);[4] United States v. Smith, No. 24-60600, 2025 WL 2938691,

---

[4]  In Bonner, the per curiam panel confirmed that Fifth Circuit precedent had foreclosed facial, vagueness, Commerce Clause and Equal Protection challenges to Section 922(g)(1), along with an as-applied challenge where the predicate felony convictions included drug trafficking.  The panel cited: United States v. Diaz, 116 F.4th 458, 471–72 (5th Cir. 2024), cert. denied, 145 S. Ct. 2822 (2025)) (rejecting § 922(g)(1) facial Second Amendment and Commerce Clause challenges); United States v. Branson, 139 F.4th 475, 477–79 (5th Cir. 2025) (rejecting § 922(g)(1) unpreserved vagueness challenge); United States v. Goody, 143 F.4th 617, 619 (5th Cir. 2025) (per curiam)

at *3 (5th Cir. Oct. 16, 2025) (four of defendant's challenges to § 922(g)(1) were foreclosed by binding precedent: facial unconstitutionality; unconstitutionally vague; Commerce Clause violation, and equal protection);[5] United States v. Alaniz, 146 F.4th 1240, 1241 (5th Cir. 2025) (defendant's challenges to Section 922(g)(1) based on the Commerce Clause and an alleged facial violation to the Second Amendment were foreclosed). Based on binding Fifth Circuit precedent, the Court finds that Defendant's facial, Commerce Clause, and equal protection challenges set forth in his Motion are foreclosed and must be denied.

Defendant's remaining challenges to Section 922(g)(1) include, in part, claims of vagueness and overbreadth, both of which must be rejected. Defendant's vagueness challenge goes

---

(rejecting § 922(g)(1) Equal Protection challenge); United States v. Kimble, 142 F.4th 308, 309, 315–17 (5th Cir. 2025) (rejecting as-applied Second Amendment challenge to § 922(g)(1) for appellant with prior felony drug trafficking conviction). Bonner, 2025 WL 3175982, at *1 (Willett, J., concurring: "… [W]hile I harbor doubts that § 922(g)(1) is constitutional, I have no doubt about what our precedent requires.")

[5] In Smith, the Fifth Circuit cited to the following precedent as confirmation that four of the defendant's challenges to Section 922(g)(1) were foreclosed: Diaz, 116 F.4th at 471–72 (facial challenge); Branson, 139 F.4th at 478–79 (vagueness challenge); United States v. Alcantar, 733 F.3d 143, 145–46 (5th Cir. 2013) (Commerce Clause challenge); Goody, 143 F.4th at 619 (equal protection challenge). Smith, 2025 WL 2938691, at *3.

nowhere because, as discussed in depth in United States v. Branson, Defendant must show as a threshold matter that the statute is vague in his case, which Defendant has not done. 139 F.4th 475, 478 (5th Cir. 2025) (citing United States v. Clark, 582 F.3d 607, 614 (5th Cir. 2009)). Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess any firearm. Defendant pleaded guilty to conspiracy to commit armed robbery, a felony punishable in Mississippi by up to a $5,000 fine or by up to 5 years imprisonment, or both. See Miss. Code Ann. § 97-1-1 (Conspiracy defined; punishment). There is nothing about Defendant's situation that meets the threshold required to declare Section 922(g)(1) void for vagueness. Branson, 139 F.4th at 478; see also Smith, 2025 WL 2938691, at *3.

With respect to overbreadth, Defendant argues that Section 922(g)(1) "sweeps more broadly than the constitution allows", [ECF No. 25] at 8, but cites no precedent that has found the statute unconstitutionally overbroad. Recently, the Chief Judge of our district denied a similar overbreadth challenge to Section 922(g)(1) in United States v. Love, No. 1:24-CR-84-HSO-RPM-1, 2025 WL 2466980, at *3 (S.D. Miss. Aug. 26, 2025). Tracking the United States Supreme Court's teachings in United

States v. Hansen, 599 U.S. 762 (2023),[6] the court in Love
concluded that the defendant had failed to demonstrate that the
unconstitutional applications of § 922(g)(1) were substantially
disproportionate to the statute's lawful sweep.  Love, 2025 WL
2466980, at *3.  Adopting the reasoning in Hansen and Love, the
Court finds that Defendant has failed to demonstrate the
disproportionate number of realistic unconstitutional
applications of Section 922(g)(1) that would be necessary to
invalidate the statute under the overbreadth doctrine.
Defendant's overbreadth challenge will be denied.

**B. "As applied" challenges**

At the heart of the Motion are Defendant's claims that
Sections 922(g)(1) and 922(o) violate the Second Amendment "as
applied" to Defendant.  Generally, an as-applied challenge
considers whether the statute is unconstitutional as interpreted
and enforced against the movant.  Bosarge v. Edney, 669 F. Supp.
3d 598, 612 (S.D. Miss. 2023).  In an as-applied challenge, the
court determines whether a law is "unconstitutional as applied
to appellant's activity."  Spence v. Washington, 418 U.S. 405,
414 (1974)).

---

[6] The United States Supreme Court instructed in Hansen: "To
justify facial invalidation, a law's unconstitutional
applications must be realistic, not fanciful, and their number
must be substantially disproportionate to the statute's lawful
sweep."  Hansen, 599 U.S. at 770.

Since the United States Supreme Court's ruling in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), Second Amendment challenges are analyzed under Bruen's "new historical paradigm." United States v. Diaz, 116 F.4th 458, 465 (5th Cir. 2024), cert. denied, 145 S. Ct. 2822 (2025). Following Bruen, courts begin their analysis by first asking whether the firearm regulation at issue governs conduct that falls within the plain text of the Second Amendment. Bruen, 597 U.S. at 17. If the regulation governs such conduct, the court will uphold it only if the government can "identify an American tradition justifying" the regulation. Id. at 38-39. For the government to make this showing, it need not point to a "historical *twin*," but only "a well-established and representative historical *analogue*". Id. at 30. As the Fifth Circuit recently explained: "The question each as-applied challenge raises is whether 'the government [can] demonstrate that the Nation has a longstanding tradition of disarming someone with a criminal history analogous to' the challenger." United States v. Kimble, 142 F.4th 308, 311 (5th Cir. 2025) (quoting Diaz, 116 F.4th at 467).

The uncontested facts that the Court must consider in applying the law to Defendant are that he pleaded guilty and was sentenced in Mississippi state court to conspiracy to commit armed robbery. [ECF No. 23-1]. Defendant received a five-year prison sentence,

9

subject to a five-year suspension of custody if he successfully completed five years of post-release supervision. Id. Defendant failed to comply with the terms of his supervised release and was in violation of those terms at the time of his arrest for federal firearm crimes. [ECF No. 23] at 2; [ECF No. 23-2] (sealed).

1. Section 922(g)(1)

Post-Bruen, Second Amendment challenges to Section 922(g)(1) abound, and the Fifth Circuit has issued clarification that is applicable here. Recently, in United States v. Kimble, 142 F.4th 308 (5th Cir. 2025), the panel considered de novo an as-applied challenge to 922(g)(1), reviewed historical analogues from prior decisions, and recapped established law in the Fifth Circuit:

> Our caselaw recognizes three categories of offenses that doom a defendant's as-applied challenge to (g)(1): theft, violence, and violating the terms of one's release by possessing arms while on parole.
>
> . . .
>
> In summary, our caselaw establishes that if a defendant's predicate felony involves theft or violence, his as-applied challenge to § 922(g)(1) will fail. Similarly, if a defendant is caught possessing a gun while out on supervised release for a prior felony sentence, his as-applied challenge will also fail.

United States v. Kimble, 142 F.4th 308, 311-12 (5th Cir. 2025).

In Kimble, the Fifth Circuit re-affirmed its decision in United States v. Giglio, which rejected an as-applied challenge

from an offender who had been arrested and convicted for
firearms possession while on supervised release for a previous
felony. United States v. Giglio, 126 F.4th 1039, 1045 (5th Cir.
2025). After conducting the required historical analysis under
Bruen, the Giglio panel identified "a historical tradition
wherein '[c]onvicts could be required to forfeit their weapons
and were prevented from reacquiring arms until they had finished
serving their sentences.'" Id. at 1044 (citation omitted). The
Fifth Circuit concluded that, while the defendant/appellant was
on supervised release, "the government was justified in
depriving [him] of his Second Amendment rights at the time of
his arrest … ." Id. at 1046. Put another way, "the government
may disarm those who continue to serve sentences for felony
convictions." Id. at 1043; see also United States v. Contreras,
125 F.4th 725, 732-33 (2025) ("… we have a history and tradition
of punishing felons quite harshly, including taking away their
weapons while they complete their sentence … ."). Accordingly,
the Fifth Circuit upheld the constitutionality of Section
922(g)(1) as applied to the appellant. Giglio, 126 F. 4th at
1046. The same result applies to Defendant.

   Although the parties seem to have overlooked Giglio in
their briefing, the Court finds the case to be on point and
dispositive of this issue. Given the uncontested fact that
Defendant violated the terms of his supervised release for a

prior felony sentence by possessing a firearm and was doing so
at the time of his arrest, his as-applied challenge to Section
922(g)(1) fails.

    2.  Section 922(o)

    The Court recognizes that Defendant asserts not only an as-
applied challenge to Section 922(o), but he also asserts a
facial challenge to the statute.  The Court will address
Defendant's as-applied challenge first, because it is "'the
narrower consideration.'"  Diaz, 116 F.4th at 467 (quoting
Buchanan v. Alexander, 919 F.3d 847, 852 (5th Cir. 2019)).

    Before Bruen, the Fifth Circuit and other federal courts
employed a two-step inquiry to determine whether a law infringed
on Second Amendment rights:

> First, we "determine whether the challenged law
> impinges upon a right protected by the Second
> Amendment… ." [*National Rifle Ass'n of Am., Inc. v.
> Bureau of Alcohol, Tobacco, Firearms, & Explosives*,
> 700 F.3d 185, 194 (5th Cir. 2012)]. If it does not,
> the "law passes constitutional muster," but if it
> does, we proceed to "the second step[, which] is to
> determine whether to apply intermediate or strict
> scrutiny to the law, and then to determine whether the
> law survives the proper level of scrutiny." *Id*. at
> 194–95.

Hollis v. Lynch, 827 F.3d 436, 446–47 (5th Cir. 2016).  In
Hollis, the Fifth Circuit held that "[m]achineguns are dangerous
and unusual" weapons that "do not receive Second Amendment

protection … ."[7]  Id. at 451.  The appellate court reached its
decision under the first step of the Fifth Circuit's pre-Bruen
framework for analyzing Second Amendment challenges without
needing to proceed to the means-end inquiry contained in step-
two of the analysis.  Id. ("we uphold Section 922(o) at step one
of our framework").  The means-end inquiry in step-two was later
abrogated in Bruen.  However, as the Government points out, [ECF
No. 23] at 14, and as this Court agrees, step one of the Fifth
Circuit's pre-Bruen analytical framework is substantively the
same as step one of the Supreme Court's current Bruen analysis.
Accord United States v. Jackson, No. 4:23-CR-62, 2024 WL
1160304, at *11–12 (N.D. Miss. Mar. 18, 2024)("Because the Fifth
Circuit [in Hollis] found that the plaintiff's challenge to
Section 922(o) ended at the first step of the inquiry, which

---

[7] For the purposes of 18 U.S.C. § 922(o), the term "machinegun"
has the meaning given it in 26 U.S.C. § 5845(b) of the National
Firearms Act:

**(b) Machinegun.**-- The term "machinegun" means any weapon which
shoots, is designed to shoot, or can be readily restored to
shoot, automatically more than one shot, without manual
reloading, by a single function of the trigger. The term shall
also include the frame or receiver of any such weapon, any part
designed and intended solely and exclusively, or combination of
parts designed and intended, for use in converting a weapon into
a machinegun, and any combination of parts from which a
machinegun can be assembled if such parts are in the possession
or under the control of a person.

26 U.S.C § 5845.

remains the same under Bruen, the result of the constitutional analysis yields the same result today.  Section 922(o) does not run afoul of the Second Amendment.").

Although our circuit's Section 922(o) precedent is sparse compared to the expanding body of caselaw that addresses Section 922(g)(1), the Court notes that the Fifth Circuit recently rejected on plain-error review a Second Amendment challenge to Section 922(o) in United States v. Loyola, No. 23-10323, 2024 WL 1025135, at *1 (5th Cir. Mar. 10, 2024), cert. denied, 145 S. Ct. 231 (2024).  Akin to what the defense argues in this case, the appellant in Loyola argued that Bruen's new analytical framework mandates an outcome different from the holding of Hollis.  Id.  Observing that "In Hollis v. Lynch, our court concluded that machineguns are not protected by the Second Amendment", the per curiam panel in Loyola concluded that the appellant failed to "show error in the straightforward applications of existing cases."  Id.

Defendant urges the Court to reject Hollis and adopt the reasoning of United States v. Brown, 764 F. Supp. 3d 456 (S.D. Miss. 2025), which is now on appeal to the Fifth Circuit.  Faced with an as-applied Second Amendment challenge to Section 922(o) from a defendant who had never been convicted of a felony, id. at 459, the district court in Brown held that: "The government

14

has failed to meet its burden of establishing that machineguns are both dangerous *and* unusual. Under *Bruen*, it therefore cannot restrict Mr. Brown's possession of one in his home." Id. at 464. This holding underscores a striking factual distinction between the non-felon defendant in Brown and the convicted felon before the Court in this case who, at the time of arrest, was in possession of a machinegun while violating his supervised release from a five-year prison term. In the Court's view, it would defy common sense to rule that the Second Amendment permits the government to disarm this Defendant under Section 922(g)(1), but it does not ban him from possessing a machine gun under Section 922(o). Justice Scalia reminded us in D.C. v. Heller, 554 U.S. 570, 626, (2008), that "the right secured by the Second Amendment is not unlimited" and that one could be "disqualified from the exercise of Second Amendment rights." Id. at 635. This understanding was repeated in Bruen where the Supreme Court confirmed that the petitioners, "two ordinary, law-abiding, adult citizens" were protected by the Second Amendment and that the opinion did not disturb anything said in Heller about restrictions that may be imposed on the possession or carrying of guns. Bruen, 597 U.S. at 72. And, after reviewing historical analogues, the Fifth Circuit concluded in Giglio that a tradition was established wherein "the government

may disarm those who continue to serve sentences for felony convictions." Giglio, 126 F.4th at 1044.

Defendant already is constitutionally disqualified from possessing firearms under Section 922(g)(1). Giglio, 126 F.4th 1039. With respect to this Defendant, the Court finds no reason to ignore the Fifth Circuit's holding in Hollis and provide him with Second Amendment rights that he could not otherwise enjoy. Defendant's Second Amendment as-applied challenge to Section 922(o) is denied.

As mentioned above, Defendant also asserts a facial constitutional challenge to Section 922(o). "To sustain a facial challenge, 'the challenger must establish that no set of circumstances exists under which the statute would be valid.'" Diaz, 116 F.4th at 471-72 (quoting United States v. Salerno, 481 U.S. 739, 745 (1987). Defendant's facial challenge fails because the Court has found Section 922(o) to be constitutional as applied to the facts of Defendant's his own case. United States v. Rahimi, 602 U.S. 680, 693 (2024).

## CONCLUSION

The Court has considered all arguments that Defendant presented in his Motion. Any argument that is not specifically addressed in this Opinion would not affect the Court's decision.

16

Defendant's Motion to Dismiss the Indictment, [ECF No. 22], is

**DENIED**.

     SO ORDERED this 17th day of November 2025.

                     s/ David C. Bramlette
                   UNITED STATES DISTRICT JUDGE